STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0649
     Facsimile: (213) 894-0141
     E-mail:    devon.myers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-522-MMM |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SUPERVISED RELEASE |
| v. | |
| ANTHONY CARTER, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Devon Myers, hereby files its Response To Defendant's Motion For Modification Of Supervised Release.

This Response is based upon the attached memorandum of points

//

//

and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 11, 2014

Respectfully submitted,

STEPHANIE YONEKURA
Acting United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

         /s/
DEVON MYERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Anthony Carter ("defendant") pleaded guilty to trafficking drugs in his truck, which he drives for a living. He is currently on supervised release and the U.S. Probation Office allows him to travel to nine Western states for work. Defendant seeks to modify his supervised release so that he can travel nationwide. The government opposes his request because defendant has not shown a changed circumstance that would spark a need to revisit his sentence and defendant's reasons lack persuasive value. Additionally, the requested modification may put the public at risk by enabling defendant to access to his former drug shipping route. Most importantly, the U.S. Probation Officer would not be able to monitor defendant effectively if he is traveling throughout the country. Consequently, the Court should deny defendant's request.

**II.  THE COURT SHOULD DENY DEFENDANT'S REQUEST TO MODIFY HIS SUPERVISED RELEASE**

The Court may modify the conditions of supervised release after considering, in part: (1) the nature and circumstances of the offense; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes from defendant; and (4) the need to provide defendant with the most effective correctional care. 18 U.S.C. § 3583(e); United States v. Bainbridge, 746 F.3d 943, 946 (9th Cir. 2014); United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002). "[A] sentencing court must be able to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment

goals of § 3553(a)." Gross, 307 F.3d at 1044; see also Bainbridge, 746 F.3d at 946 (same).

Defendant moves to modify his supervised release so that instead of driving his shipping truck in nine western states, he can travel to any state in the nation. Defendant argues that the Court should grant this modification because: (1) he will be able to make a "substantial amount of money," which will deter him from committing future crimes motivated by financial need; (2) he was not restricted to traveling in only nine states when he was on pre-trial release; and (3) he could still demonstrate that he is complying with the terms of his supervised release because U.S. Probation operates nationally.

The government opposes defendant's request because: (1) the need to earn more money to deter him from future criminal activity lacks merit and persuasiveness; (2) defendant has already received accommodations based on the terms of his pre-trial release; (3) the modification could jeopardize public safety; and (4) the modification would interfere with the U.S. Probation Office's ability to supervise defendant. Accordingly, the Court should deny defendant's request to modify the terms of his supervised release.

**III. DEFENDANT FAILS TO PROVIDE ADEQUATE JUSTIFICATIONS FOR MODIFYING THE TERMS OF HIS SUPERVISED RELEASE**

    **A. Defendant's Claimed Need To Make More Money To Deter Him From Criminal Activity Flies In The Face Of Penological Objectives**

Defendant argues that he should be allowed to travel throughout the continental United States so that he can earn more money than he is now. Defendant posits that the increased income will deter him from committing a crime based on financial motivations. This

argument flips the Court's consideration of the need to deter criminal conduct on its head.

There are millions of Americans who face financial hardship and who do not resort to crime. Defendant's claim that he needs to make more money to deter him from committing another crime is an affront to those law-abiding citizens. Moreover, defendant's supervised release is "a part of [his] sentence." United States v. Soto Olivas, 44 F.3d 788, 790 (9th Cir. 1995) (citing 18 U.S.C. § 3583(a)). Defendant must not engage in criminal activity because: (1) it is illegal and (2) it is a condition of his supervised release.

Moreover, this argument, as applied to defendant, lacks persuasive value. Defendant, prior to his incarceration, was a long-haul truck driver who traversed the United States. During that time, defendant agreed to transport 38 kilograms of cocaine and 3.7 kilograms of marijuana from California to Chicago in his truck. PSR at 4 ¶ 7. Defendant admitted that he had driven two loads of cocaine prior to his apprehension. Id. at 6 ¶ 21. Defendant explains that he was facing unusual financial hardships at the time, which caused him to make the poor decision to traffic cocaine. Mot. at 3. Indeed, probation observed that "[i]t appears that the defendant may be living beyond his means." PSR at 19 ¶ 109. Given that defendant committed the underlying crime when he was able to make a "substantial amount of money," it undercuts his claim that earning more money will be sufficient to keep him from committing another crime for financial reasons. The Court should not modify the terms of defendant's supervised release for this purpose.

3

**B. Probation Has Already Made Accommodations To Defendant Based On His Pre-trial Release**

Defendant next argues that because his pre-trial release permitted him to travel nationwide, he should be so permitted now.

Defendant's argument ignores that his pre-trial release conditions were imposed before he entered his guilty plea. Because defendant was given more latitude pre-trial does not mean that he should have the same privileges after being convicted. See United States v. Haberli, No. 11-CR-721 EJD, 2013 WL 5757331 at *2 (N.D. Cal. Oct. 23, 2013) (denying the defendant's request to travel on supervised release despite his ability to do so while on pre-trial release).

Additionally, the Probation Office already made an exception to defendant's supervised release terms based his pre-trial conditions. Usually, a defendant is not allowed to travel outside California or to drive a long-haul truck during the first year of supervised release. Defendant's supervised release began on February 14, 2014. The Probation Office has already allowed defendant to travel to nine states within his first year of supervised release because of his pre-trial terms, his compliance with those terms, and to enable defendant to earn a living. Because the Probation Office has already taken defendant's pre-trial release into consideration and because defendant has not identified any changed condition that necessitates a modification, further deviation is not warranted.

**C. If The Court Granted This Modification, It Could Jeopardize Public Safety**

Defendant used his trucking business to transport drugs from California to Illinois. As such, it is important that his trucking

4

activities be monitored as part of his supervised release. <u>United States v. Shaw</u>, 527 Fed. Appx. 613, 615 (9th Cir. 2013) ("[defendant] perpetrated his crime on his clients, who trusted him because he was their lawyer. The monitoring of [defendant]'s business records and client lists is sufficiently related to the protection of the public and therefore is a reasonable condition of supervised release."). That defendant now wants unfettered access to travel throughout the country raises the concern that he may resume the same drug trafficking activities in which he previously engaged. The current restriction to nine states both allows the Probation Office to monitor defendant and deters defendant from shipping drugs along his previous route. To enable him to travel unimpeded could potentially put the public at risk. The Court should not modify the defendant's supervised release because such modification would undercut the objective of protecting the public.

**D. The Probation Office Cannot Ensure That Defendant Is Complying With The Terms Of His Supervised Release If He Travels Throughout The United States**

Defendant's Probation Officer represented that defendant may not travel for more than seven days at a time and then he must stay in the area for two days. This arrangement allows the Probation Officer to meet with defendant as necessary. If defendant travels throughout the United States, it is unlikely that he will be able to adhere to the seven-day schedule. The Probation Officer indicated that if defendant is traveling longer than a week, it will not be feasible for the Probation Officer to have sufficient time to monitor him. Nor is defendant's willingness to appear in another Probation Office a sufficient accommodation. The Probation Officer does not believe that he will be able to have personnel in other offices available at

the appropriate time given the fluidity of defendant's schedule and the already full workloads of other Probation Officers.  As such, if allowed to travel as requested, it would prevent the Probation Office from effectively supervising defendant.[1]

### IV.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny defendant's request to modify the conditions of his supervised release.

---

[1] If the Court decides to set a hearing in this matter, please be aware that defendant's Probation Officer will be unavailable from December 23, 2014, to January 6, 2015.